104 F.3d 350
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sebastian Robert D'SOUZA, Defendant-Appellant.
 No. 96-1137.
 United States Court of Appeals, Second Circuit.
 Sept. 16, 1996.
 
 Sebastian Robert D'Souza, pro se, White Deer, PA.
 Zachary W. Carter, U.S. Atty., Brooklyn, NY.
 Present: NEWMAN, Chief Judge, OAKES, CALABRESI, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was taken on submission.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the order of the District Court is hereby AFFIRMED.
 
 
 3
 Sebastian Robert D'Souza appeals pro se from the February 5, 1996, order of the District Court, denying appellant's motion to require the recusal of Chief Judge Sifton. The motion was not filed in connection with any pending proceeding, but appears to have been filed in the hope of having Chief Judge Sifton recused from subsequent motions D'Souza anticipates bringing to continue his oft-repeated challenge to his 1989 conviction. We have previously affirmed his conviction, United States v. D'Souza, No. 92-1368 (2d Cir. Jan. 22, 1993), affirmed the denial of his collateral attack, United States v. D'Souza, No. 93-1603 (2d Cir. March 15, 1994), and enjoined him from filing any further papers in this Court "relating in any way" to his 1989 conviction without leave of this Court, D'Souza v. United States, No. 95-2756 (2d Cir. May 8, 1996). The pending appeal was filed prior to imposition of the "leave-to-file" requirement.
 
 
 4
 Appellant's recusal motion was properly denied. It simply repeats a series of complaints about the District Court's prior denials of various motions. Such rulings are not the basis for recusal, except in the most extraordinary circumstances, which are not remotely present in this case. See Liteky v. United States, 114 S.Ct. 1147 (1994).